## No. 311

No. 18815—The Ralston Steel Car Co. v. Annie M. Ralston. Error to the Court of Appeals of Franklin county.

389. DESCENT AND DISTRIBUTION—Estates created by 99 year leases become freehold, and descend as estates in fee, and are subject to dower.

419. DOWER—Widow entitled to dower in a 99 year lease, and in a proceeding to sell to pay decedent's debts, its value is payable to her in money, and is one-third of proceeds of the sale, computed under mortality tables... MARSHAL, C. J.

1. Where the owner of real estate leases the same to another and to his heirs and assigns for a term of 99 years, renewable forever, the estate created by such instrument becomes a freehold estate in real property and becomes subject to the laws of descent as an estate in fee.

2. Such an estate is subject to dower under the provision of Section 8606, General Code.

3. Where such interest in real estate is subjected to sale by an administrator in a proceeding to sell real estate to pay debts of the decedent, the value of a widow's dower is properly payable to her in money out of the proceeds of such sale, and the reasonable value of such dower is the present value of one-third of the proceeds of such sale computed in accordance with her expectancy of life under the mortality tables.

Judgment affirmed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

## No. 312

No. 18385—Oren D. Becker, Extr. v. Edwin C. Fisher et al. Error to the Court of Appeals of Clinton county. On rehearing.

1271. WILLS—A valid charitable trust, enforceable in equity is created by this will. DAY, J.

A will provides: "I give, devise and bequeath all the rest, residue and remainder of my estate to Oren D. Becker or some one I may appoint in his stead, to hold without bond and to distribute as I have given instructions." And a codicil thereto provides: "In Item 5 of my will I desire to be more explicit. I give to my executor, Oren D. Becker, the remainder and residue of my estate to hold in trust, to be invested by him and used to perpetuate my name and interest in Hawes Methodist Episcopal Church and to assist needy and worthy causes and persons as he understands my

wishes and practice to be when living, and at his death (Oren D. Becker) if there be still a residue or remainder of my estate, it shall go to Elizabeth Gamble, Deaconness Home Association, incorporated under the laws of the State of Ohio, for the purpose of endowing a Hawes Free Bed in Christ's Hospital for the sick and suffering. The receipt of the treasurer of this organization shall be sufficient discharge to his executor for the same."

Held, such will creates a valid charitable trust enforceable in equity.

Judgment reversed.

Marshall, C. J., Allen and Kinkade, JJ., concurr.

## No. 313

No. 18782—Lena Center, et al., vs. Edward A. Kramer, Administrator of the estate of John Holstein, deceased. Error to the Court of Appeals of Butler County.

389. DESCENT AND DISTRIBUTION—
1. Sec. 8576 GC. defining how real estate passes to children of former husband or wife, does not relate to personal property.

2. How personal property of an intestate who leaves no spouse, heirs at law or next of kin escheats to state under 8579 GC. ALLEN, J.

1. Section 8579, General Code, does not relate to personal property.

2. A person dies intestate leaving personal property only and leaving no spouse relict and no heirs at law or next of kin. The living children of the deceased wife of the intestate by a prior marriage of the wife with a husband not the intestate, and the personal representative of one such child now deceased, claim such personal property under Section 8576, General Code. Held: That such personal estate passes to and is vested in the State under Section 8579, General Code.

Judgment affirmed.

Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.